UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                No. 05-CR-80854-DT

vs.                                                Hon. Gerald E. Rosen

MARY KENNEDY HOWARD,

                Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS SUPERSEDING INDICTMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 11, 2008

PRESENT:  Honorable Gerald E. Rosen
                    United States District Judge

I. INTRODUCTION

Defendant Mary Kennedy Howard is charged in a Superseding Indictment with eight counts of mail fraud. Specifically, she is charged with violating 18 U.S.C. § 1341 by "devis[ing] and execut[ing] a scheme to obtain money in the custody and control of Merrill-Lynch, as the trustee of deferred pay 401k accounts for employees of the DaimlerChrysler Corporation, by materially false and fraudulent pretenses and representations pertaining to early access to 401k funds." Superseding Indictment, p. 2. Pursuant to the rules of the DaimlerChrysler 401k Plan, hourly Chrysler workers were

1

not entitled to access the funds paid into their 401k accounts prior to their termination or before age 591/2, except for certain limited "hardship" purposes. One of the "hardship" purposes for which early withdrawal from the accounts was permitted was to purchase a primary residence.

The indictment alleges that, as part of the scheme, Ms. Howard would prepare fraudulent "hardship withdrawal requests" ("HWRs") and would prepare false documentation to support the false information in those HWRs, such as fraudulent purchase agreements and other real estate transaction records. She would then submit the false HWRs and false documentation to Merrill Lynch on behalf of her clients through the U.S. Mail and by Federal Express, a commercial interstate carrier. Ms. Howard would then act as agent for these clients and would correspond and communicate by phone with Merrill Lynch personnel to check the status of these HWRs. In exchange for her services, Ms. Howard required that her clients pay her 10% of the proceeds they obtained from Merrill Lynch.

The indictment alleges that Ms. Howard submitted at least 46 HWRs on behalf of others seeking at least $590,214.94 in funds based on false representations pertaining to the hardships used to qualify for withdrawals and specifically charges her in eight separate counts for fraudulently obtaining collectively more than $188,200.00 for six clients (two individuals each utilized Ms. Howard's services twice) which was in the custody and control of Merrill Lynch by such false pretenses.

This matter is now before the Court on Defendant's Motion to Dismiss the Superseding Indictment. The Court conducted a hearing on this matter on December 19, 2007, and, after hearing the arguments of counsel, determined that further development of the factual record was necessary on the issue of what loss, if any, was occasioned by the conduct described in the Superseding Indictment. Specifically, the Court directed the Government to establish a factual predicate as to the role of Merrill Lynch with regard to the 401k accounts and to file a supplemental brief setting forth the facts demonstrating any loss suffered by Merrill Lynch and/or the DaimlerChrysler 401k account holders whose funds were in the custody of Merrill Lynch as a result of Defendant Howard's actions.

The Government's Supplemental Brief was filed on February 5, 2008 and the Defendant responded thereto on February 12, 2008. Having reviewed and considered the parties' briefs, the oral arguments of counsel and the entire record of this matter, the Court is now prepared to rule on this matter. This Opinion and Order sets forth the Court's ruling.

## II. DISCUSSION

Defendant moves to dismiss claiming that the indictment is "insufficient" because Merrill Lynch was not deprived of any of its money or property by the account holders or by Ms. Howard acting as their agent. Defendant's theory is that since it was not Merrill Lynch's money (Merrill Lynch only held the account holders' money as "trustee" of the

3

DaimlerChrysler employees' 401k accounts) but rather the money of the account holders who were Ms. Howard's clients, no one was wrongfully deprived of the money and no one's property rights were violated.

An indictment is to be construed liberally in favor of its sufficiency. *United States v. Davis*, 306 F.3d 398, 411 (6th Cir. 2002). An indictment is generally sufficient if it "fully, directly, and expressly . . . set[s] forth all the elements necessary to constitute the offense intended to be punished." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (quoting *United States v. Douglas*, 398 F.3d 407, 411 (6th Cir.2005)). In particular, the indictment must: (1) "set out all of the elements of the charge[d] offense and must give notice to the defendant of the charges he faces[,]" and (2) "be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *Id*. The indictment must be read as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications. *United States v. Reed*, 77 F.3d 139, 140 n. 1 (6th Cir.1996) (en banc).

The mail fraud statute under which Ms. Howard is charged provides in pertinent part,

> ***Whoever, having devised*** or intending to devise ***any scheme or artifice to defraud, or for obtaining money*** or property ***by means of false or fraudulent pretenses, representations***, or promises. . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes

4

> to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing. . . . shall be fined under this title or imprisoned not more than 20 years, or both. . . .

The essential elements of mail fraud are (1) a scheme or artifice to defraud; (2) use of mails in furtherance of the scheme; and (3) intent to deprive the victim of money or property. *United States v. Turner*, 465 F.3d 667, 680 (6th Cir.2006).

In this case, each of the essential elements and facts pertinent thereto has been alleged in the indictment. First, "a scheme to defraud includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." *Id.* "[T]he scheme to defraud element required under [18 U.S.C.] § 1341 is not defined according to a technical standard. The standard is a 'reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general and business life of members of society.' " *United States v. Daniel*, 329 F.3d 480, 486 (6th Cir. 2003) (quoting *United States v. Van Dyke*, 605 F.2d 220, 225 (6th Cir.1979)).

It is alleged in this case that the purpose of the scheme to defraud was to obtain money in the custody and control of Merrill Lynch. The indictment specifically alleges that Defendant Howard obtained more than $590,000 by means of false pretenses and representations. Notwithstanding Defendant's arguments to the contrary, the payment of money unquestionably "deprived" Merrill Lynch of money lawfully in its possession. The dictionary definition of "deprive" means simply to take something away from

5

another.  *See* Merriam Webster Dictionary; Cambridge Dictionary of the English Language.

The second element -- use of the mails -- is not contested.  As for the third element -- intent to defraud -- this element does not require intent to cause a financial loss to another.   The requisite intent to defraud requires "an intent to deceive or cheat for the purpose of either causing a financial loss to another ***or bringing about a financial gain to oneself***."  *United States v. McAuliffe*, *supra*; *United States v. Frost*, 125 F.3d 346, 371 (6th Cir.1997) (emphasis added); Sixth Circuit Pattern Jury Instruction 10.01(2)(E).  *See also United States v. DeSantis*, 134 F.3d 760, 764 (6th Cir.1998) (holding that to satisfy the element of specific intent to defraud needed to convict for mail fraud, the government must show that the defendant knowingly made a material misrepresentation (or knowingly omitted a material fact) for "the purpose of inducing the victim of the fraud *to part with property **or** undertake some action that he would not otherwise do* absent the misrepresentation or omission.")

The indictment's allegations of Defendant's direct use of false statements for the purpose inducing Merrill Lynch to grant the hardship withdrawal requests -- which they would not otherwise do absent Ms. Howard's misrepresentations -- and for the purpose of bringing about financial gain to herself  -- by requiring that her clients pay her 10% of the proceeds -- sufficiently establish this intent to defraud element.

Furthermore, to the extent that a financial loss to Merrill Lynch is required to

satisfy this element, the supplemental evidence presented by the Government demonstrates that Merrill Lynch has suffered a financial loss. As indicated above, Defendant Howard was able to obtain approximately $590,215.00 from Merrill Lynch as a result of her fraudulent misrepresentations. Pursuant to the Court's order for further development of the factual record of this case, Jerry Adair, Director and Senior Counsel for Merrill Lynch was interviewed. Mr. Adair works in the Corporate Retirement Group of Merrill Lynch which administers the Chrysler hourly employees' 401k retirement program.

Although Mr. Adair stated that the funds invested by Chrysler employees in the 401k accounts at issue were not pooled, and thus, a withdrawal from one account had no effect on any other account, he did state that Merrill Lynch was paid a quarterly fee by the mutual funds into which the 401k monies were invested. Although this fee is relatively small (.25% or less of the amount invested in each fund), this fee would have been affected by hardship withdrawals inasmuch as the funds upon which the fees were predicated would be reduced. *See* OIG Form 103 Report of Interview with Jerry Adair, prepared by Special Agent Steven Bognar, Government's Supplemental Brief, Ex. A, p. 2. On this basis, the $590,215.00 obtained by Ms. Howard through fraudulent hardship withdrawals, caused Merrill Lynch to lose approximately $1,475.00. Although relatively minor, this loss is quantifiable and real.

Because Merrill Lynch can establish that it suffered some loss as a result of

Defendant Howard's conduct, even if a prosecution for mail fraud requires establishing that the person or entity to whom false statements are directed suffered a financial loss, that requirement is met in this case.

CONCLUSION

For all of the reasons set forth above in this Opinion and Order, the Court finds that the Superseding Indictment charging Mary Howard with eight counts of mail fraud is sufficient to withstand dismissal. Therefore,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss the Indictment [**Dkt. # 33**] is DENIED.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: March 11, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 11, 2008, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager