UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                No. 05-CR-80854-DT

vs.                                            Hon. Gerald E. Rosen

MARY KENNEDY HOWARD,

                Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT NOT WITHSTANDING THE VERDICT OR,
IN THE ALTERNATIVE, FOR NEW TRIAL

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     February 18, 2009

        PRESENT:  Honorable Gerald E. Rosen
                              United States District Judge

## I. INTRODUCTION

    Defendant Mary Kennedy Howard was charged in a Superseding Indictment with eight counts of mail fraud. Specifically, she was charged with violating 18 U.S.C. § 1341 by "devis[ing] and execut[ing] a scheme to obtain money in the custody and control of Merrill-Lynch, as the trustee of deferred pay 401k accounts for employees of the DaimlerChrysler Corporation, by materially false and fraudulent pretenses and representations pertaining to early access to 401k funds." Superseding Indictment, p. 2. Pursuant to the rules of the DaimlerChrysler 401k Plan, hourly Chrysler workers were

1

not entitled to access the funds paid into their 401k accounts prior to their termination or before age 59 1/2, except for certain limited "hardship" purposes. One of the "hardship" purposes for which early withdrawal from the accounts was permitted was to purchase a primary residence.

The indictment alleged that, as part of the scheme, Ms. Howard would prepare fraudulent "hardship withdrawal requests" ("HWRs") for DaimlerChrysler 401k Plan participants, and would prepare false documentation to support the false information in those HWRs, such as fraudulent purchase agreements and other real estate transaction records. She would then submit the false HWRs and false documentation to Merrill Lynch on behalf of her clients through the U.S. Mail and by Federal Express, a commercial interstate carrier. Ms. Howard would then act as agent for these clients and would correspond and communicate by phone with Merrill Lynch personnel to check the status of these HWRs. In exchange for her services, Ms. Howard required that her clients pay her 10% of the proceeds they obtained from Merrill Lynch. Each of the eight counts of mail fraud in the Superseding Indictment was predicated upon a specific hardship withdrawal request made on behalf of six of Ms. Howard's clients -- Robert L. Cornelious, Cheryl McKinley, McGloster Carroll, Andre Rupert, Shirley Williams and Loretta Mayfield.[1]

The matter was tried before a jury and, after a five-day trial, the jury convicted

---

[1] Two of Ms. Howard's clients, Cheryl McKinley and Loretta Mayfield, each made two hardship withdrawal requests.

Ms. Howard on all eight counts.

Ms. Howard now moves for judgment of acquittal notwithstanding the verdict, or in the alternative, for a new trial. The Government has responded to Defendant Howard's motion.

## DISCUSSION

Defendant has brought the instant motion for a judgment of acquittal notwithstanding the verdict pursuant to Fed. R. Crim. P. 29 and her alternative motion for new trial pursuant to Fed. R. Crim. P. 33.

In ruling on a Rule 29 motion for judgment of acquittal, a district court must view the evidence and all possible inferences to be drawn therefrom in the light most favorable to the Government. *United States v. Overmyer*, 867 F.2d 937, 938 (6th Cir. 1989), *cert. denied*, 493 U.S. 813 (1989). The issue is whether there was presented at trial evidence from which a reasonable mind could fairly find guilt beyond a reasonable doubt. *Id.* A conviction will only be reversed for insufficiency of evidence if, "after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Martin*, 897 F.2d 1368, 1373 (6th Cir. 1990), quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Fed.R.Crim.Pro. 33 states that "the [trial] court on motion of a defendant may grant a new trial if required in the interest of justice." When considering a Rule 33

motion for a new trial based upon the weight of the evidence, district courts can "consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice." *United States v. Ashforth*, 836 F.2d 260, 266 (6th Cir. 1988); United *States v. Turner*, 490 F. Supp. 583, 593 (E.D.Mich.1979), *aff'd*, 633 F.2d 219 (6th Cir.1980), *cert. denied*, 450 U.S. 912 (1981). However, such motions "are not favored" and should only be granted "in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *Id.* The decision of whether to grant or deny a new trial motion is a matter within the sound discretion of the trial court. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991); *United States v. Ashforth, supra.*

Both Defendant's new trial motion and Rule 29 motion for judgment of acquittal are predicated upon a claim of insufficient evidence. Defendant contends that the government failed to present sufficient evidence to establish that materially false representations were submitted to Merrill Lynch by her, specifically that the government failed to prove that materially false representations were submitted on behalf of Andre Rupert or Robert Cornelious.

Ms. Howard also contends that the indictment alleges that she acted as the agent of the DaimlerChrysler employees, and therefore, the intent of the DaimlerChrysler employees is attributable to her. She argues that because the employees did not have an intent to bring about a financial loss to Merrill Lynch or an intent to deprive Merrill Lynch of money or property through a financial gain to themselves, because she acted as

their agent, the "intent" element of mail fraud cannot be met in her case.

She points to the testimony of McGloster Carroll and Loretta Mayfield and claims that these two witnesses both testified that they were aware of the representations being made to Merrill Lynch and submitted their hardship withdrawal requests with full knowledge of the basis for the application and they had no intent to bring about a financial loss to Merrill Lynch or to unjustly enrich themselves.

It is Defendant Howard's position that each of the above reasons, standing alone or taken together, justifies a verdict of acquittal or a new trial as to all counts.

Ms. Howard's arguments are factually and legally flawed for several reasons.

First, contrary to Defendant's assertions, both Andre Rupert and Robert Cornelious both testified that only a *portion* of their hardship withdrawals were used for the stated purpose, i.e., the purchase of a principal residence; the rest was used for gambling, home improvements and to satisfy other debts. Mr. Rupert testified that he bought a house some five months after the HRW was made, using about half of the hardship withdrawal funds he had obtained as a down payment. Mr. Cornelious similarly stated the he used a relatively small amount of his sizeable withdrawal for this purpose. Stefan Santamaria, who oversaw the hardship withdrawal process at Merrill Lynch at the time, testified very specifically that the DaimlerChrysler plan permitted withdrawals *only* for one of the specified purposes, in this case, the purchase of a primary residence, and *all* of the proceeds had to be used for that purpose. He further testified that the

statements to that effect in the applications and supporting purchase agreements were central (and thus, "material") to Merrill Lynch's decisions on each hardship withdrawal request.

Second, as to Defendant's reliance upon some of her clients testimony that the did not intend to "unjustly enrich" themselves, there is no "unjust enrichment" element in the crime of mail fraud; rather the element is one of an intent "to deceive or cheat for the purpose of *either* causing a financial loss to another or *bringing about a financial gain to oneself.*" Pattern Crim. Jury Instr., 6th Cir. § 10.01(2)(e). The evidence presented to the jury was that Defendant Howard intended to bring about financial gain to herself. She received 10% of the proceeds of the withdrawals.

Finally, contrary to Defendant's assertions, there is no legal support for her claim that her guilt is somehow dependent upon the guilt of her clients because she acted as their "agent." First, there is no factual basis for Defendant's claim that the indictment alleges that she was the "agent" of the DaimlerChrysler workers for all purposes and in a legal sense; rather the indictment uses the word "agent" only once, at page three, paragraph 7, in describing the scheme to defraud, i.e., that *after* the false statements were mailed to Merrill Lynch, "MARY KENNEDY HOWARD would then act as the agent for these clients and would correspond and communicate by telephone with Merrill Lynch personnel to check on the status of such HWR's."

To the extent that Defendant argues "derivative" liability, the Court notes that Mr.

6

Carroll and Ms. Mayfield both testified that they were aware that false representations were being made to Merrill Lynch in order to obtain hardship withdrawals for them. Ms. Mayfield further testified that she was trying to get money from Merrill Lynch that she knew she was not entitled to at the time she sought it, and lied to Merrill Lynch with the intent to deceive them into believing that she was eligible for a hardship withdrawal when she knew she was not.

## CONCLUSION

For all of the foregoing reasons, the Court finds no basis for Defendant's claim that the Government presented insufficient evidence to establish her culpability for the eight counts of mail fraud on which she was convicted. Therefore,

IT IS HEREBY ORDERED that Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict and her alternative Motion for New Trial are DENIED.

s/Gerald E. Rosen<br>Chief Judge, United States District Court

Dated: February 18, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 18, 2009, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry<br>Case Manager